IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANE DOE,<br>　　　　Plaintiff,<br><br>vs.<br><br>ROBERT LOVELL and HOME<br>MARKETING SERVICES, INC. d/b/a<br>HMS, INC.,<br>　　　　Defendants. | §<br>§<br>§<br>§   Case No.: 24-1628<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO SEVER, ABSTAIN, AND REMAND

Plaintiff files this reply brief in support of Plaintiff's Motion to Sever, Abstain, and Remand (ECF No. 4, the "Motion"):

### INTRODUCTION

Defendants' Response hopes to mire the Court with seemingly complicated jurisdictional issues and delves too deep into the underlying factual allegations.[1] The Court can ignore Defendants' jurisdictional morass because Section 1334 mandates the Court abstain from adjudicating Plaintiff's claims against Home Marketing Services, Inc. ("Debtor") and Robert Lovell ("Non-Debtor") and remand the entire State Court Action. At the very least, the Court should remand based on permissive abstention as it recently did in *Kanen v. DeWolff, Boberg & Associates, Inc.* No. 3:23-CV-1993-N 2024 WL 1748025, at *2-3 (N.D. Tex. April 23, 2024) (abstaining and remanding the debtor's state law employment claims, which were listed as a bankruptcy asset in the debtor's petition).

---

[1] Plaintiff disputes the factual allegations as presented in Defendants' Response and deems the majority of them irrelevant to the analysis at hand.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION TO SEVER, ABSTAIN, AND REMAND** - Page **1** of **10**

Alternatively, should the Court find abstention of the entire State Court Action inappropriate, the Court should, to promote judicial economy and mitigate prejudice, sever and remand the claims against Non-Debtor as follows:

| State Law Cause of Action | Defendant | Relief Requested in Motion to Sever |
|---|---|---|
| Tex. Labor Code 21.142 (Sexual Harassment) [*See* ECF No.1-6] | Non-Debtor | Severed and Remanded to State Court |
| Battery [*See* ECF No.1-6] | Non-Debtor | Severed and Remanded to State Court |
| Texas Commission on Human Rights Act ("TCHRA") 21.051 (Hostile Environment) [*See* ECF No.1-6] | Non-Debtor | Severed and Remanded to State Court |
| Intentional Infliction of Mental Distress [*See* ECF No.1-6] | Non-Debtor | Severed and Remanded to State Court |
| Punitive Damages [*See* ECF No.1-6] | Non-Debtor | Severed and Remanded to State Cout |
| Failure to Investigate a Sexual Harassment Complaint [*See* ECF No.1-6] | Debtor | Severed and Removed to the District Court |
| TCHRA 21.055 (Retaliation) [*See* ECF No.1-6] | Debtor | Severed and Removed to the District Court |
| TCHRA 21.051 (Sexual Discrimination) [*See* ECF No.1-6] | Debtor | Severed and Removed to the District Court |
| Punitive Damages [*See* ECF No.1-6] | Debtor | Severed and Removed to the District Court |
| Debtor' Breach of Contract Counterclaim [*See* ECF No.1-19] | Doe | Severed and Removed to the District Court |
| Debtor' Money Had and Received Counterclaim [*See* ECF No.1-19] | Doe | Severed and Removed to the District Court |
| Debtor' Unjust Enrichment Counterclaim [*See* ECF No.1-19] | Doe | Severed and Removed to the District Court |

After severance, Defendants' arguments to extend bankruptcy jurisdiction to Non-Debtor all fail. The claims against Non-Debtor are not sufficiently related to the bankruptcy that this Court has Section 1334 jurisdiction over Plaintiff's non-core, state court law claims against Non-Debtor. Further, without a core claim by or against Debtor, the Court has no supplemental bankruptcy jurisdiction over the claims against Non-Debtor under Section 1367.

Non-Debtor is also not entitled to the automatic Section 362 stay.

## ARGUMENT

**A. Remand is Appropriate as a Matter of Mandatory Abstention.**

Defendants' Response correctly sets forth the legal standard for mandatory abstention under Section 1334(c)(2), and contrary to Defendants' assertions, all four prongs are met: (1) the State Court Action has no independent basis for jurisdiction other than Section 1334; (2) the State Court Action is a non-core proceeding; (3) the State Court Action has been commenced in state court; and (4) the State Court Action could be adjudicated timely in state court. *See In re TXNMB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007).

Defendants concede the third and fourth prongs are met, but incorrectly dispute the first and second. Addressing the second prong first, Defendants claim the second prong was not met only because "HMS's counterclaim against Plaintiff is a core claim," citing 28 U.S.C. § 157(b)(2)(c), which states that "counterclaims by the estate against persons filing claims against the estate" is a core proceeding. Defendants are wrong. There is no core claim.

Debtor's counterclaim against Plaintiff is a non-core claim because § 157(b)(2)(c) applies to counterclaims filed in response to a claim in the bankruptcy proceeding, not a counterclaim filed pre-petition. *See In re Hallwood Energy, L.P.*, No. 09-31253-H4-11, 2009 WL 2601294, at *7 (Bankr. S.D. Tex. Aug. 24, 2009) (finding § 157(b)(2)(C) inapplicable and debtor's prepetition state law counterclaim to be non-core because it was wholly independent of the bankruptcy petition and antecedent to the bankruptcy petition); c*f. In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) ("If the proceeding … is one that could exist outside of bankruptcy it is not a core proceeding").

For similar reasons, Defendants incorrectly contest the first prong. The Fifth Circuit only allows a district court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over

any non-core claim that forms part of the same case or controversy as ***the core claim***. *See Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, No. CIV.A. H-08-1815, 2008 WL 4330897, at *3 (S.D. Tex. Sept. 18, 2008) (citing *TXNB Internal Case*, 483 F.3d at 300-301).[2] Because there are no core claims, there is no independent basis for jurisdiction under Section 1367. Accordingly, the State Court Action satisfies all four prongs of the mandatory abstention test and must be remanded.

**B. Remand is Appropriate as a Matter of Permissive Abstention.**

On April 23, 2024, Judge Godbey, under similar circumstances (except for, in *Kanen,* the plaintiff in the employment discrimination case was also the debtor), held permissive abstention warrants remand to the County Court at Law in Dallas County. *See Kanen,* 2024 WL 1748025, at *2-3. Here, the exact same factors weigh in favor of permissive abstention.

This case was set for trial in state court on November 12, 2024 with discovery closing on June 30, 2024, and Non-Debtor filed its Notice of Removal on June 27, 2024. ECF No. 1-108. Assuming without conceding that Plaintiff's claims against Non-Debtor affect administration of the Debtor's estate, by removing this case, Non-Debtor has only delayed the administration and prolonged litigation. Furthermore, it is without debate that the state law claims predominate over any alleged bankruptcy issues. Even more, the administration of the bankruptcy estate has no bearing on the outcome of the state law claim. If the Court finds federal jurisdiction exists, it will be under Section 1334, and there is no jurisdictional basis outside of Section 1334 for this case to be removed to federal court, especially as Section 1367 can only exist when original jurisdiction exists under Section 1334. The substance to the adversary proceeding is a state law employment

---

[2] S*ee also Tubbs v. Agspring Miss. Region, L.L.C.*, No. CV 3:21-03268, 2022 WL 1164803, at *6 (W.D. La. Apr. 4, 2022), *report and recommendation adopted*, No. CV 3:21-03268, 2022 WL 1164014 (W.D. La. Apr. 19, 2022) ("the district court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any non-core…claim that forms part of the same case or controversy as the core claim.").

discrimination claim. It is entirely feasible to sever the state law claim from the bankruptcy matter. Non-Debtor's removal to federal court three days before discovery closed and mere months before the trial date points to Non-Debtor's engagement in forum shopping. Finally, for reasons of comity, this Court should find deference to the state court suitable as a case involving only a state law claim should likely be decided by a state court. For all these reasons, the Court should find permissive abstention appropriate and remand the State Court Action.

C. **Severance Serves Judicial Economy While Failing to Sever Prejudices Plaintiff.**

Of the five factors the Court must consider to determine whether severance is appropriate, three weigh in favor of severing Plaintiff's claims against Non-Debtor from those by and against Debtor.

Allowing Plaintiff's claims against Non-Debtor to proceed in state court expedites this aged litigation, promotes judicial economy, and averts prejudice. For more than two and a half years, the parties litigated before County Court at Law No. 3 in the State Court Action. Discovery in the State Court Action was nearly complete and, but for Debtor filing its bankruptcy petition, the parties would have tried the case on November 12, 2024, after suffering through multiple continuances. ECF No. 1-108. It is only for purposes of delay that Defendants waited until two days before discovery closed and one day before Plaintiff was scheduled to depose Debtor to file bankruptcy. While the automatic stay currently protects Debtor, it serves judicial economy to sever Plaintiff's claims against Non-Debtor and allow Plaintiff to proceed to trial. Otherwise, Plaintiff is prejudiced, and Defendants' gamesmanship is rewarded. On the contrary, Defendants are not prejudiced by the severance because they have had plenty of time to prepare their defenses and cross examine Plaintiff's witness. Only nominal discovery and pre-trial filings remain.

Further, there are different witnesses and document proof required for separate claims with only some overlap. The facts and evidence relevant to Plaintiff's claims against Non-Debtor primarily occurred from August 1, 2019 to December 1, 2021 when Plaintiff was an employee and being sexually harassed, discriminated against, and enduring battery and severe emotional distress. *See generally* ECF No. 1-85, at 10-16. The facts and evidence relevant to Plaintiff's claims against Debtor primarily occurred from November 9, 2021 to December 5, 2021 when Debtor failed to investigate Plaintiff's complaint with the Equal Employment Opportunity Commission and retaliated against Plaintiff for this protected activity by firing her. *See generally*, ECF No. 1-85, at 16-18. From a date perspective, there is only about a month of overlap. The claims against each Defendant are different, and Plaintiff could have sued Non-Debtor without suing Debtor for his misconduct alone, which is essentially what Plaintiff is now asking this Court to effectuate.

**D. Defendants Wrongly Stretch the Federal Jurisdiction of Claims by and Against Debtor to Non-Debtor.**

Neither Defendants' relationship nor their status as co-defendants garners special jurisdictional treatment under Sections 1334 or 1367, especially when no core claims exist.

It is undisputed that the first three categories of Section 1334 do not establish jurisdiction over state court actions with only state court claims filed prior to a defendant's petition for bankruptcy and exist independently of bankruptcy law. *See Williams v. Shell Oil Co.*, 169 B.R. 684, 688 (S.D. Cal. 1994). Section 1334, subsection (d) grants bankruptcy courts "related to" jurisdiction, which allows a bankruptcy court to consider matters that may have a conceivable effect on the underlying bankruptcy case and estate being administered by the court. *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir. 1993).

Defendants assert jurisdiction under §§ 1334 and 1367 over Plaintiff's claims against Non-Debtor claiming Defendants are more than mere co-tortfeasors. Defendants claim "[b]ut for Non-Debtor's alleged actions, there would be no claims against Debtor." ECF No. 5, p. 19. This is incorrect and still not enough.

Plaintiff can proceed against Non-Debtor without Debtor's involvement or prejudicing Debtor's rights. While Non-Debtor is the President of Debtor, Non-Debtor unilaterally harassed Plaintiff. If Plaintiff succeeds and Non-Debtor owes Plaintiff damages, Non-Debtor has no right to recoup any of its pay-out from Debtor. Debtor and Non-Debtor have no indemnity, contribution, guarantor relationship, or reimbursement right against the other. Additionally, in the lawsuit against Non-Debtor, the primary question is whether he sexually harassed Plaintiff or not. The answer to this question *does not* answer the questions posed in litigation against Debtor. Debtor—on its own—violated the Texas Labor Code when it failed to investigate Plaintiff's sexual harassment complaint, retaliated and unlawfully discriminated against Plaintiff for protected activity, which asks: (1) did Debtor investigate a complaint; (2) did protected activity occur; and (3) what did Debtor do or not after protected activity occur? Each Defendant separately damaged Plaintiff and was each sued accordingly. There is not sufficient relation.

Defendants also claim that original jurisdiction over claims by or against the Debtor under Section 1334 allows the Court to exercise supplemental jurisdiction over the claims against the Non-Debtor under Section 1367. This is false. As explained above, Section 1367 jurisdiction only exists when there are core claims. Plaintiff's state-law claims and Debtor's pre-petition counterclaim are all non-core. Again, Defendants are expanding statutory language to create jurisdiction when none should exist.

Additionally, exercising supplemental jurisdiction in this context raises substantial constitutional concerns. Section 1334 and Section 1367 "should not be read together to authorize the exercise of supplemental bankruptcy jurisdiction by either district or bankruptcy courts." Susan Block Lieb, *The Case Against Supplemental Bankruptcy Jurisdiction: A Constitutional, Statutory, and Policy Analysis*, 62 Fordham L. Rev. 721, 733 (1994). While acknowledging that courts have exercised jurisdiction supplemental to bankruptcy jurisdiction for core claims, the article "contends that neither 28 U.S.C. § 1367 nor Article III of the United States Constitution authorize the exercise of jurisdiction supplemental to the grant of bankruptcy jurisdiction granted by 28 U.S.C. § 1334(b)." *Id*. at 729. "[W]here jurisdictionally deficient proceedings have 'a common nucleus of operative fact' with state law proceedings between non-diverse citizens that merely 'arise in' or 'relate to' a title 11 case, an exercise of supplemental jurisdiction may exceed the limits of Article III of the United State Constitution." *Id*. at 730. This Court lacks jurisdiction over Plaintiff's claims against Non-Debtor under Section 1334 or 1367.

E. **There is No Basis to Extend the Stay, and Defendants Have Not Moved the Court for This Relief.**

A corporate debtor's insiders who have not filed their own bankruptcy case are not entitled to the protection of the debtor's corporation's automatic stay simply by virtue of being a principle of the debtor. *In re Divine Ripe, L.L.C.*, 538 B.R. 300, 301 (Bankr. S.D. Tex. 2015) (wherein the court refused to extend the stay to a non-debtor who was the sole member of the limited liability company). In fact, Defendants must seek and be granted an extension of the stay from the Bankruptcy Court, which they have not done and which they bear the burden of proof. *Id*. at 302 ("The party invoking the stay has the burden to show that it is applicable.").

"In order to extend the Automatic Stay to a non-debtor, a court must find an identity of interest between the debtor and the non-debtor, and then evaluate whether the circumstances

warrant exercising the 'general discretionary power … to stay proceedings in the interest of justice and in control of their dockets." *In re Divine Ripe, L.L.C.*, 538 B.R. at 309. *Defendants* must demonstrate "unusual circumstances" or "something more than the mere fact that one of the parties to a lawsuit has filed a Chapter 11 bankruptcy." *Id*. at 313.

The rule is that the "unusual circumstances" warranting imposition of a stay as to non-debtors are present where the suit against a non-debtor would necessarily render a debtor liable on the judgment, but they are not present where the debtor would not be bound or the liability of the non-debtor is distinct from the debtor's liability. *See id.* at 312 ("There must be an actual, as opposed to an alleged or potential, identity of interest, such that a judgment against the non-bankrupt party would in fact be a judgment against the bankrupt party.").

Defendants' Response does not establish unusual circumstances; Defendants only focus on similarity of claims and relationship between the Defendants. *See* ECF No. 5, p. 28. "[T]he presence of identical allegations against the debtor and nondebtor defendants are an insufficient ground to extend the stay to the non-debtors." *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-CV-1990-L-BN, 2017 WL 5889715, at *3 (N.D. Tex. Nov. 29, 2017) (internal citation omitted). "The stay generally does not even extend to a codefendant that a plaintiff alleges is jointly and severally liable on her claims with the debtor." *Jenkins v. TXS United Hous. Program, Inc.*, No. 3:13-CV-3808-BN, 2014 WL 6084890, at *2 (N.D. Tex. Nov. 14, 2014). If Plaintiff is successful against Non-Debtor, Plaintiff can only recover against Non-Debtor with Non-Debtor having no recourse against Debtor. Thus, setting aside that Defendants have not moved this Court or the Bankruptcy Court to extend the stay, Defendants have also failed to meet their burden to extend it.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully asserts that this Court should issue an order:

1. Abstaining to Adjudicate the State Court Action and Remanding the State Court Action to the County Court at Law No. 3, Dallas County, Texas; *or*

2. a. Staying and Severing Claims by and against Home Marketing Services, Inc. due to its bankruptcy filing;

   b. Holding the Section 362 Stay does not apply to Plaintiff's claims against Robert Lovell; *and*

   c. Remanding Plaintiff's claims against Robert Lovell to the County Court at Law No. 3, Dallas County, Texas.

**DATED: AUGUST 15, 2024**

Respectfully submitted,

/s/ *Skyler M. Howton*
**ROGGE DUNN**
State Bar No. 06249500
Email: Dunn@righttowork.com
**SKYLER M. HOWTON**
State Bar No. 24077907
Email: Howton@RoggeDunnGroup.com
**ALEXANDRIA M. RISINGER**
State Bar No. 24095215
Email: Risinger@RoggeDunnGroup.com
**ROGGE DUNN GROUP, PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing document this 15th day of August, 2024, through the Court's CM/ECF case management/electronic case filing system which automatically serves a copy on all counsel of record in this case

/s/ *Skyler M. Howton*
**SKYLER M. HOWTON**