UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-1628-B |
| | § | |
| ROBERT LOVELL and HOME | § | |
| MARKETING SERVICES, INC. d/b/a | § | |
| HMS, INC., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Jane Doe's Motion to Sever, Abstain, and Remand (Doc. 4). For the following reasons, the Court **GRANTS** Doe's Motion; **REMANDS** proceedings against Defendant Robert Lovell to the County Court at Law No. 3, Dallas County, Texas; and **STAYS** the claims against Defendant Home Marketing Services, Inc. d/b/a HMS, Inc. ("HMS").

## I.

## BACKGROUND

This is a sexual harassment and employment discrimination case. Doe worked at HMS, which was owned by Lovell. Doc. 1-6, Pet., ¶ 1. Lovell repeatedly pressured Doe for sexual favors and harassed her at the workplace. *Id.* ¶¶ 22–26. One day, Lovell asked Doe to perform oral sex. *Id.* ¶¶ 31–32. Doe refused. *Id.* In retaliation, Lovell and HMS cancelled Doe's daughter's health insurance. *Id.* ¶¶ 33–34.

Three years ago, Doe filed a suit in Dallas County, Texas. *See generally id.* She asserted state-law claims for sexual harassment, battery, hostile environment, intentional infliction of mental

distress, failure to investigate, retaliation, and sexual discrimination. *Id.* ¶¶ 45–71. HMS filed counterclaims against Doe for breach of contract, money had and received, and unjust enrichment. Doc. 1-19, Counterclaim, ¶¶ 22–33. HMS alleges that it never offered to pay for Doe's daughter's health insurance, yet Doe "continually deferred reimbursement to HMS for her daughter's insurance." *Id.* ¶¶ 14–15. Lovell did not file counterclaims against Doe.

The parties litigated for two and a half years in state court. Discovery was set to close on June 30, 2024, and the case was set for trial on November 12, 2024. Doc. 4, Mot., 2. But on June 27, 2024, HMS filed for bankruptcy in the United States Bankruptcy Court in the Northern District of Texas. Doc. 1, Notice Removal, 2; *see also In re: Home Marketing Servs., Inc.*, No. 24-31865-11.

On June 27, 2024, Lovell and HMS removed this case to federal court under 28 U.S.C. §§ 1441, 1452. Doc. 1, Notice Removal, 1. They assert that this Court has jurisdiction over the claims against HMS and Lovell because they are related to a bankruptcy proceeding. *Id.* at 2. But Doe argues the claims against Lovell should be severed and remanded under the doctrines of mandatory abstention, permissive abstention, and equitable remand. Doc. 4, Mot., 1. The Court considers the Motion below.

## II.

## LEGAL STANDARDS

A.    *Bankruptcy-Related Jurisdiction*

Federal district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate

being administered in bankruptcy." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001) (citing

*In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999)).

B.    *Mandatory Abstention and Permissive Abstention*

Under 28 U.S.C. § 1334(c)(2), district courts must abstain from certain proceedings based

upon a state law claim. Section 1334(c)(2) requires courts to abstain from hearing a proceeding when

> 1) A party to the proceeding filed a timely motion to abstain; 2) The proceeding is based
> on a state law claim; 3) There is no basis for federal court jurisdiction other than section
> 1334; 4) The proceeding is a "related to", non-core proceeding; 5) An action is pending
> in state court; and 6) The state court action can be timely adjudicated.

*Kanen v. DeWolff, Boberg & Assocs.*, No. 3:23-cv-1993-N, 2024 WL 1748025, at *1–2 (N.D.

Tex Apr. 23, 2024) (Godbey, C.J.); *see also* 28 U.S.C. § 1334(c)(2).

Even when mandatory abstention is not required, courts may use their discretion to abstain.

Section 1334(c)(1) permits district courts to abstain from hearing matters related to a case under

title 11 if it is in the "interest or justice," or in "the interest of comity with state courts or respect for

state law."

## III.

## ANALYSIS

The Court **GRANTS** Doe's Motion, remands proceedings against Lovell to state court under

the doctrine of mandatory abstention, and **STAYS** proceedings against HMS. This section is divided

into four parts. Part A finds that the Court has jurisdiction over Doe's claims against HMS and

Lovell and thus proceeds with ruling on Doe's Motion. Part B finds that Defendants' Notice of

Removal is not procedurally defective. Part C finds that the doctrine of mandatory abstention

applies. Part D finds that the Court should not impose a discretionary stay on Doe's claims against

Lovell.

A.    *The Court Has Jurisdiction Over the Claims Against HMS and Lovell.*

The Court has jurisdiction over the removed action against Defendants under 28 U.S.C. §

1334(b). Under § 1334(b), district courts have "original but not exclusive jurisdiction of all civil

proceedings arising under title 11, or arising in or related to cases under title 11." A claim is "related

to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the

estate being administered in bankruptcy." *Arnold*, 278 F.3d at 434 (citing *In re Canion*, 196 F.3d at

585).

Doe's claims against both defendants are related to HMS's bankruptcy proceedings. The

claims asserted against HMS are related to the bankruptcy case because the outcome of the

proceeding– i.e., a monetary judgment against HMS–could conceivably affect the bankruptcy estate.

Similarly, the claims against Lovell could have an effect on HMS's bankruptcy estate because a

judgment against Lovell could conceivably reduce the amount of damages for which HMS's estate is

found liable, as Doe concedes. *See In re PFO Global, Inc.*, 26 F.4th 245, 252–53 (5th Cir. 2022); Doc.

4, Mot., 9 ("[C]ollection of such claims [against Lovell] will reduce Plaintiff's claims against HMS.").

Federal jurisdiction exists over both defendants. Now that the Court has determined it has

jurisdiction over the case, it will address whether the notice of removal is defective and whether it

should abstain from hearing the claims against Lovell.

B.    *The Notice of Removal Is Not Defective.*

Doe argues that Defendants were obligated to file the Notice of Removal with the bankruptcy

court instead of with the district court. Doc. 4, Mot., 4. This is incorrect. A case can be removed to

a district court and later referred to a bankruptcy judge of the district. *See* F. R. BANKR. P. 9027(e)(2).

Thus, removal was proper on these grounds.

C.    *Mandatory Abstention Applies.*

Under 28 U.S.C. § 1334(c)(2), district courts must abstain from hearing certain proceedings based upon state law claims. The following conditions must be met for mandatory abstention to apply:

> 1) A party to the proceeding filed a timely motion to abstain; 2) The proceeding is based on a state law claim; 3) There is no basis for federal court jurisdiction other than section 1334; 4) The proceeding is a "related to", non-core proceeding; 5) An action is pending in state court; and 6) The state court action can be timely adjudicated.

*Kanen*, 2024 WL 1748025, at *1–2; *see also* 28 U.S.C. § 1334(c)(2).

Mandatory abstention applies. First, Doe filed a timely motion to abstain because she filed it 14 days after the case was removed to federal court. Doc. 1, Notice Removal; Doc. 4, Mot. *See Kanen*, 2024 WL 1748025, at *1; *see also In re Lorax Corp.*, 295 B.R. 83, 90 (Bankr. N.D. Tex. 2003) (Lynn, B.J.) (finding a motion filed one month after removal timely).

Second, the proceedings are based on state law claims. *See Kanen*, 2024 WL 1748025, at *1. Doe asserts state-law claims for sexual harassment, battery, hostile environment, and intentional infliction of mental distress against Lovell. Doc. 1-6, Pet., ¶¶ 45–57.

Third, there is no basis for federal jurisdiction for the claims against Lovell other than section 1334. *See Kanen*, 2024 WL 1748025, at *2. Defendants argue that an additional basis exists because the Court has supplemental jurisdiction over Doe's claims against Lovell, making mandatory abstention inappropriate. Doc. 5, Resp., 19. The Court disagrees. A Court has supplemental jurisdiction over claims when they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "[D]istrict courts have supplemental jurisdiction over claims that form part of the same case or controversy

with bankruptcy claims." *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007). Supplemental jurisdiction provides an "independent basis for federal jurisdiction," making mandatory abstention inappropriate. *Id.* at 301. However, courts only have supplemental jurisdiction over non-core claims that are supplemental to a core claim. *See id.* at 301; *Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, No. CIV.A. H-08-1815, 2008 WL 4330897, at *3 (S.D. Tex. Sept. 18, 2008) (supplemental jurisdiction applies when "the non-core causes of action are so related to the core causes of action "that they form part of the same case or controversy"). Doe's claims against Lovell are not core claims, and they do not form part of the "same case or controversy" as any core claims.

Fourth, Doe's claims against Lovell are "related to" a non-core proceeding. *See Kanen*, 2024 WL 1748025, at *2. Matters referred to a bankruptcy court are separated into two categories: "core" and "non-core" claims. 28 U.S.C. § 157(b). Section 157(b)(2) contains a non-exhaustive list of core proceedings, which include "counterclaims by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C). Lovell argues that mandatory abstention does not apply because HMS, the debtor, brought core counterclaims against Doe for breach of contract, money had and received, and unjust enrichment. Doc. 5, Resp., 19; Doc. 1-19, Counterclaim, ¶¶ 22–33. But these are not core claims. Section 157(b)(2)(C) only applies to counterclaims filed *in response* to a claim in the bankruptcy proceeding, not to a counterclaim filed *before* a bankruptcy proceeding began. *See In re Hallwood Energy, L.P.*, No. 09-31253-H4-11, 2009 WL 2601294, at *7 (Bankr. S.D. Tex. Aug. 24, 2009); *see also In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (if "[i]t is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court," it is not a core proceeding). For example, "if a debtor files for bankruptcy, a bank files a proof of claim, and the debtor asserts a lender liability counterclaim against the bank in response to the proof of claim," §

157(b)(2)(C) would apply. *See In re Hallwood Energy, L.P.*, 2009 WL 2601294, at *5. HMS's counterclaims against Doe are distinct because HMS would have asserted them absent its bankruptcy proceeding. Therefore, HMS's counterclaims are not core claims, so the claims against Lovell are not related to a core-proceeding.

Fifth, an action is pending in state court. *See Kanen*, 2024 WL 1748025, at *2. The parties litigated these claims for more than two and a half years in state court and the trial was set for November 12, 2024 until HMS filed for bankruptcy and removed this case to federal court. Doc. 4, Mot., 2.

Sixth, the state court action can be timely adjudicated. *See Kanen*, 2024 WL 1748025, at *2. The parties have already conducted discovery and Lovell has already filed a motion for summary judgment in the state court. Doc. 4, Mot., 2; Doc. 5, Resp., Doc. 1-62, Def.'s Mot. Summ. J. All six factors are met. Thus, mandatory abstention applies.

D.     *The Court Will Not Impose a Discretionary Stay.*

In their Response, Defendants ask the Court to impose a discretionary stay of Doe's claims against Lovell. Doc. 5, Resp., 24. Under 11 U.S.C. § 362(a), all proceedings against a debtor in bankruptcy are automatically stayed. The automatic stay under § 362(a) generally protects only the debtor in the bankruptcy proceeding; it does not protect codebtors, cotortfeasors, or other nondebtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). But the Fifth Circuit has recognized at least one instance where the stay may be extended to nondebtors—cases where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs.*, 349 F.3d at 825 (quoting

*A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). However, this exception should only apply where a "claim of a formal tie or contractual indemnification ha[s] been made to create an identity of interests between the debtor and nondebtor." *Id.*

The Court finds no reason to extend HMS's stay to Doe's claims against Lovell. Doe asserts different claims against each defendant that involved different legal standards and evidence. And Defendants do not explain how there is sufficient privity to establish a formal tie. *See generally* Doc. 5, Response. Nor do they argue that there was contractual indemnification. As such, a judgment against Lovell will not "in effect be a judgment" against HMS. *See Reliant Energy Servs.*, 349 F.3d at 825. Therefore, the Court will not extend the automatic stay or impose a discretionary stay on Doe's claims against Lovell.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Doe's Motion to Sever, Abstain, and Remand (Doc. 4). All claims against Defendant Robert Lovell are **REMANDED** to the County Court at law No. 3, Dallas County, Texas. The Court **STAYS** the claims against Defendant Home Marketing Services, Inc. d/b/a HMS, Inc. ("HMS").

**SO ORDERED.**

**SIGNED: January 23, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE